McALLEN AND HARLINGEN LOCAL NO. 688 OF INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF UNITED STATES AND CANADA v. PUBLIX THEATRES CORPORATION.

No. 8979.

Court of Civil Appeals of Texas. San Antonio.

July 13, 1932.

A. N. Beem and Greenwood & Lewis, all of Harlingen, for appellant.

Bascom Cox, of Brownsville, for appellee.

SMITH, J.

Appellant has filed a motion to advance submission of the cause upon the asserted ground, as authorized in article 4662, R. S. 1925, that the appeal is from an interlocutory order dissolving a temporary injunction theretofore granted.

The motion must be denied, for the reason that the judgment appealed from is in fact a final judgment on the merits of the case, although it embraces an incidental decree that the temporary injunction theretofore granted be "set aside, dissolved and held for naught." Such judgment is not within the contemplation of article 4662, providing for the advancement of appeals.

As a matter of fact, if the judgment had been within the contemplation of that statute, as urged by appellant, the appeal therefrom would have to be dismissed, because the record was not filed in this court until long after the time in which the statute requires that it be filed here in such cases.

The cause must nevertheless be dismissed, but for other reasons.

It was alleged by appellant corporation as plaintiff below that it and appellee had entered into a contract whereby appellee agreed "to employ only stage employees and moving picture machine operators supplied by the plaintiff herein in the Queen and Capitol theatres, located in the City of Brownsville, Cameron County, Texas." It was further alleged that appellee had breached, and still persists in breaching, said contract by employing other operators than those offered by appellant. The "charging" section of appellant's petition and the prayer therein were as follows:

"That because of the breach of said contract by said defendant, said plaintiff has suffered nominal damages in the sum of one dollar. That because of the breach of said contract by said defendant, said plaintiff has suffered and is continuing to suffer actual damages by reason of not being able to insure better quality work; protect the interests of the moving picture machine operators in said theatres by regulating salaries, hours of labor and working conditions, and being hampered and prevented from establishing and maintaining higher standards of living for said men; and that said damages by said plaintiff are of such a nature that they cannot be computed in money, and, therefore, this plaintiff does not have a full, adequate and complete remedy at law by an action for damages, and, unless said defendant be enjoined and restrained from continuing to breach said contract, will be without redress for the damages suffered therefrom. Said plaintiff stands willing and ready at all times to discharge its obligations under said contract according to the terms and conditions thereof.

"Wherefore the plaintiff prays upon final hearing of this cause, judgment be rendered

against said defendant in favor of said plaintiff in the sum of one dollar; that a writ of injunction against said defendant be issued, enjoining it from hiring, employing and using moving picture machine operators in the Queen and the Capitol theatres in Brownsville, Texas, other than those furnished by said plaintiff, in accordance with the terms and conditions of the contract hereinbefore mentioned; that the said defendant be cited to answer this petition and that on final hearing said injunction be made perpetual; for all costs of suit herein expended and for such other and further relief, both in law and in equity, to which the plaintiff may show itself entitled."

It will be observed that the action is not one for damages, but to enforce specific performance of a contract by means of the writ of injunction. It is true that there is an incidental allegation of "nominal damages" in the sum of $1, but that allegation cannot control the matter of jurisdiction, in view of other allegations. The "matter in controversy" is the alleged right to demand specific performance of a contract. No value is placed upon that right, or upon the damages for breach thereof, but it is specifically alleged by appellant that such damages "are of such a nature that they cannot be computed in money."

The county court of Cameron county at law, in which the cause was tried, is given original jurisdiction vested by general law in county courts (except in certain matters not involved here) and original concurrent jurisdiction "with the justice courts in all civil and criminal matters which by the general laws of this State is conferred upon justice courts." And it is further provided in the act of its creation that "the County Court of Cameron County at Law, or the Judge thereof, shall have power to issue writs of injunction, * * * and all writs necessary to the enforcement of jurisdiction of said court, and to issue writs of habeas corpus in such cases where the offense charged is within the jurisdiction of said court, or of any other court in said county of inferior jurisdiction to said County Court at Law." Act approved June 14, 1927, 1st Called Sess. 40th Leg. c. 59, p. 167 (Vernon's Ann. Civ. St. art. 1970—305).

The act provides, simply, that, in addition to general jurisdiction conferred upon county courts, the county court at law of Cameron county shall likewise have concurrent jurisdiction with courts of justices of the peace. So that, if this were a simple action to recover damages in the sum of $1, that court would have jurisdiction.

But this is not such an action. It is, rather, an action for an injunction to enforce a specific right, which has no money value.

Neither a constitutional county court nor justice of the peace court has jurisdiction over such controversy, but the district courts only have such jurisdiction. Mebane, etc., Ass'n v. Sides (Tex. Civ. App.) 257 S. W. 302, and authorities there cited.

The trial court therefore being without jurisdiction, so is this court, and the cause will be dismissed from this as well as the trial court, at the cost of appellant.

This opinion will be substituted for the original opinion, which is withdrawn.